# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY,

### JULY TERM, 1842.

---

AMOS SEVERNS v. The EXECUTORS of JOHN WOOLSTON, deceased, and ISAAC HILLIARD, Sheriff of the County of Burlington.

A court of equity will, by injunction, restrain a mortgagee from proceeding at law to sell the equity of redemption, in satisfaction of the mortgage debt.

THE bill states that the complainant, being indebted unto John Woolston in his life time in the sum of two thousand five hundred dollars, on the thirty-first of December, eighteen hundred and thirty-five, executed to the said John Woolston a bond with warrant of attorney to confess judgment, in the penal sum of five thousand dollars, conditioned for the payment of the said sum of two thousand five hundred dollars in one year from the date thereof, with interest; and in order further to secure the payment of the said debt, he, together with his wife, executed to the said John Woolston a mortgage, bearing even date with the said bond, upon lands situate in the township of Chester, and county of Burlington, whereof the complainant was seized in fee; which said mortgage was duly acknowledged and recorded. That the complainant is still in possession of the said mort-

[Severns v. Woolston's Ex'rs.]

gaged premises, and that he has paid the interest on the said bond up to the thirty-first day of December, eighteen hundred and forty, but that the interest since accrued thereon, together with the whole of the principal, still remains due and unpaid.

That on the twenty-fourth day of May, eighteen hundred and forty-two, the said John Woolston having died, his executors caused judgment to be entered in the court of common pleas of the county of Burlington, against the complainant, upon the said bond, by virtue of the warrant of attorney thereunto annexed, and caused an execution to be issued thereon against the goods and chattels, lands and tenements of the complainant; which said writ was delivered to Isaac Hilliard, esquire, sheriff of the said county of Burlington, to be executed. That the said sheriff, under color of the said writ of execution, has levied upon the said mortgaged premises, and advertised the same to be sold.

The prayer of the bill is, that the defendants may be restrained by injunction from making sale of the said mortgaged premises, or any part thereof, by virtue of the said writ of execution.

*Moffett*, for complainant, now moved for an injunction, pursuant to the prayer of the bill, and cited *Tice* v. *Annin*, 2 *John. Chan.* 125.

THE CHANCELLOR. Let an injunction be issued, pursuant to the prayer of the bill.

Order accordingly.