VAN MATER and others *vs.* CONOVER and others.

This court will restrain, by injunction, a mortgagee from selling the equity of redemption, by virtue of judgments, in satisfaction of the mortgage debt.

*Mr. R. Allen, jun.,* in support of the motion to dissolve.

*Mr. W. H. Vredenburgh,* contra.

THE CHANCELLOR.

In this case an injunction was granted to prevent the sale of the equity of redemption of certain mortgaged premises, by virtue of judgments obtained by William W. Conover against the complainant, Benjamin H. Van Mater, who owns the equity of redemption. The judgments were upon the bonds secured by the mortgages held by Conover, and were

for the same debts that were secured by the mortgages. The question is, whether this court ought to restrain the sale of the equity of redemption in such case.

This court, in *Severns* v. *Woolston's Ex'rs*, 3 *Green's C. R.* 221, held that such sale should be restrained; and that decision is warranted by, and founded upon, the reasoning of Chancellor Kent in *Tice* v. *Annin*, 2 *Johns. C. R.* 125.

I think the rule thus established, a wise and salutary one. Such a sale would deter fair outside bidders from purchasing, by the confusion it would naturally occasion as to the effect of the amount of the bid upon the amount of encumbrance to which the purchase would be subject. Any one, upon deliberate calculation and cool consideration, could no doubt adjust the matter correctly. But the solution of the problem would cause real difficulty in the haste of bidding at a sheriff's sale. The precedent established in *Severns* v. *Woolston's Ex'rs*, in this court, must be followed, and the injunction retained.

The motion to dissolve is denied with costs.