THOMAS PRESTON v. CATHERINE RYAN.

*Growing crops—Sale on execution—Comp. L., § 4667.*

Growing crops, though part of the realty, are treated as personalty for
the purposes of levy and sale on execution.

Comp. L. § 4667 forbids selling the equity of redemption when execution
is levied on premises mortgaged for the debt; but it does not prevent
a sale of a growing crop under such execution. Whether a convey-
ance of the equity of redemption by the mortgagee could be fraudu-
lent as against the mortgage creditor—Q.

Error to Washtenaw. Submitted June 10, 1880. Decided
January 11, 1881.

REPLEVIN by Catherine Ryan against Preston for nine
stacks of wheat. Catherine Ryan had lent money to Marga-
ret Tobin for which she took the latter's note secured by
mortgage on a farm which was also covered by a prior mort-
gage securing a debt of her husband's to another person.
Suit was brought on the Ryan note and on the same day a
bill was filed to foreclose the earlier mortgage. A few days
later Mrs. Tobin deeded the land to her husband, who died
shortly afterward. Catherine Ryan recovered judgment in
her action against Mrs. Tobin, and took out an execution
which was levied Nov. 19, 1877, on a crop of wheat sown by
Tobin after the land was deeded to him. At the execution
sale, July 20, 1878, she bid off the wheat, which was partly
harvested. But at an administrator's sale of Tobin's personal
property, January 29, 1878, Preston, who knew nothing of
the execution levy, had bid off the same crop, then growing,
and to recover possession, Catherine Ryan brought this suit
in replevin against Preston, and recovered. Preston brings
error. Affirmed.

*Sawyer & Knowlton* for plaintiff in error.

*E. D. Kinne* for defendant in error.

COOLEY, J.   The doubt I have had in this case has sprung from that section of the statute which provides that "when a judgment shall be recovered for a debt secured by mortgage of real estate, or for any part of such debt, it shall not be lawful for the sheriff or other officer to sell the equity of redemption of the mortgagor, his heirs or assigns, in such estate, by virtue of any execution upon such judgment." Comp. L., § 4667.   I have had some question whether a conveyance of the equity of redemption could be fraudulent as against the mortgage creditor while this statute was in force. Reflection has satisfied me, however, that a sale of growing crops on mortgaged land is not forbidden by this statute.   It is only the equity of redemption in the land that cannot be sold on execution; and while it is quite true that the growing crops are a part of the realty, yet for the purposes of levy and sale on execution they are suffered to be treated as personalty.   Comp. L., § 6100.   And while reasons may be suggested why a sale should not be suffered when the judgment was for a debt secured by mortgage on the land where the crops grew, there are also reasons in its favor.   It would certainly save expense in many cases, especially when the mortgage debt is small.

But whatever may have been the reasons influencing the legislature, it is certain that in enacting this statute they have not, *in terms*, prohibited the sale of anything which may be sold as personalty, and I am not satisfied that they have intended to do so.   The verdict finds in effect that the transfer of the land was colorable merely, without actual change of possession, and the crop raised was therefore subject to sale unless a sale is forbidden by statute.   Not finding that such is the case, I am of opinion that the judgment should be affirmed with costs.

The other Justices concurred.