Lydecker v. Bogert.

CORNELIUS LYDECKER

*v.*

ANDREW D. BOGERT.

Where a mortgagee of lands recovered a judgment on his bond, sold the mortgaged premises under execution, and purchased them himself, the mortgagor is not, *ipso facto*, entitled to an injunction to restrain him from selling other lands of the mortgagor under his judgment, on the ground that the purchase of the equity of redemption extinguished the mortgage debt, but the mortgagor may enjoin such other sales until it shall have been determined, in this court, whether the mortgagee ought to be permitted to raise any more money, by execution, on account of the debt, and if so, how much.

Bill for injunction. On final hearing.

*Mr. C. H. Voorhis,* for complainant.

*Mr. C. Christie,* for defendant.

Lydecker *v.* Bogert.

THE CHANCELLOR.

The defendant held a bond and mortgage of real estate given to him by the complainant. He recovered a judgment at law against the complainant for the mortgage debt, and under execution sold the mortgaged premises, which he purchased at the sale. He then proceeded to sell other lands of the complainant, under the execution, to raise the balance due thereon after crediting the amount raised by the sale of the mortgaged premises. The bill is filed to restrain him from selling.

The complainant insists that the purchase by the defendant of the equity of redemption was an extinguishment of the mortgage debt, and in support of this claim cites *Stevenson* v. *Black, Saxt. 338,* and *Hartshorne* v. *Hartshorne, 1 Gr. Ch. 349.* That, however, is not the law in this state. *Cattel* v. *Warwick, 1 Hal. 190.*

In *Tice* v. *Annin, 2 Johns. Ch. 125,* it was held by Chancellor Kent that if a mortgagee, instead of resorting to a bill of foreclosure, seeks to collect the mortgage-money out of other prop-

NOTE.—The general rule is stated to be that a mortgagee cannot sell to another person or purchase himself the equity of redemption at an execution sale *at law* on the bond secured by his mortgage, *2 Jones on Mort.· § 1229; 3 Pom. Eq. Jur. § 1204;* and see the following additional cases: *Lesley* v. *Shock, 3 Houst. 131,* reversing *S. C., 2 Del. Ch. 304; S. C., 4 Del. Ch. 96; Atkins* v. *Sawyer (1 Pick. 351), 11 Am. Dec. 193 note; Boswell* v. *Carlisle, 55 Ala. 554; Schnell* v. *Schroder, Bail. Eq. 334; McLure* v. *Wheeler, 6 Rich. Eq. 343; Snyder* v. *Blair, 6 Stew. Eq. 212; Hill* v. *Smith, 2 McLean 446; Swigert* v. *Thomas, 7 Dana 220.*

But the rule is by no means universal, *2 Jones on Mort. § 1229,* and these additional cases: *Clos* v. *Boppe, 8 C. E. Gr. 270; Johnston* v. *Watson, 7 Blackf. 174;* (now controlled in Indiana by statute, *Boone* v. *Armstrong, 87 Ind. 168);* *Cottingham* v. *Springer, 88 Ill. 90; Bank of Kentucky* v. *Milton, 12 B. Mon 340; Jackson* v. *Hull, 10 Johns. 481; Jewitt* v. *McGowen, R. M. Charlt. 392; Fowler* v. *Dupassau, 3 Mart. (La) 574; Dabney* v. *Green, 4 Hen. & Munf. 101; McCall* v. *Lenox, 9 S. & R. 307; Wilhelm* v. *Lee, 2 Md. Ch. 324; Lavilleleuvre* v. *Frederic, 20 La. Ann. 374; McClure* v. *Mounce, 1 McCord 423; Fithian* v. *Corwin, 17 Ohio St. 118;* see *Booth* v. *Williams, 11 Phila. 266; Loomis* v. *Stuyvesant, 10 Paige 490; Bonnell* v. *Henry, 13 How. Pr. 142; Rollins* v. *Henry, 86 N. C. 714; Kansas City Sav. Assn.* v. *Mastin, 61 Mo. 435; Harrison* v. *Eldridge, 2 Hal. 392.*

The arrest of a mortgagor on a *capias* for the bond debt, and his discharge by the mortgagee, does not preclude the mortgagee from afterwards foreclos-·

erty of the mortgagor, equity will either stay his proceeding, or compel him to assign his bond and mortgage to the mortgagor; and so, too, if he sells the equity of redemption under an execution at law. And if, as in that case, the mortgagee, after selling the equity of redemption under the execution at law, assigns his bond and mortgage to the purchaser, equity will decree that the debt is paid.

In *Stevenson* v. *Black* (1831), the defendant had levied upon the equity of redemption, under execution on a judgment recovered by him for part of the mortgage debt, and had purchased it at the sale *expressly subject to the mortgage.* The chancellor (Vroom) said that the purchase extinguished the whole of his debt.

In *Hartshorne* v. *Hartshorne,* which was decided by Chancellor Pennington in 1840, the question was not presented for decision.

In *Deare* v. *Carr, 2 Gr. Ch. 513,* decided by Chancellor Vroom in 1836, the question was again before him, and he held

---

ing, *Davis* v. *Battine, 2 Russ. & Myl. 76; McPhelin* v. *Weldon, 5 Allen (N. B.) 358.*

A mortgagee's purchasing the equity of redemption at an insolvent sale of the mortgagor's lands by the mortgagor's administrator, does not extinguish his debt against the estate so as to exclude him from his share of the assets, *Findlay* v. *Hosmer, 2 Conn. 350; Walker* v. *Barker, 26 Vt. 710.*

That a mortgagee has taken possession of the mortgaged premises, does not prevent his foreclosing the mortgage thereon afterwards, *Portland Bank* v. *Fox, 19 Me. 99; Harkins* v. *Forsyth, 11 Leigh 294;* or recovering the balance due on the mortgage debt, *Rudge* v. *Richens, L. R. (8 C. P.) 358; Porter* v. *Pillsbury, 36 Me. 278; Weiner* v. *Heintz, 17 Ill. 259; Andrews* v. *Scotton, 2 Bland 668; Amory* v. *Fairbanks, 3 Mass. 562; Hatch* v. *White, 2 Gall. 152; Lovell* v. *Leland, 3 Vt. 581;* see *Green* v. *Cross, 45 N. H. 574; Biggins* v. *Brockman, 63 Ill. 316; Johnson* v. *Lewis, 13 Minn. 364;* or purchasing under his own judgment, *Trimm* v. *Marsh, 54 N. Y. 599;* or taking the body of the defendant, on a *ca. sa.* for the mortgage debt, *Colby* v. *Gibson, 3 Smith (K. B.) 516;* see *Maguire* v. *O'Reilly, 3 Jon. & Lat. 224.*

As to the effect of a mortgagee purchasing the equity of redemption under the execution sale of another creditor of the mortgagor, *Murphy* v. *Elliott, 6 Blackf. 482; Crawford* v. *Boyer, 14 Pa. St. 380; Ex parte City Sheriff, 1 McCord 399; Schnell* v. *Schroder, Bail. Eq. 334; Trimmier* v. *Vise, 17 S. C. 499; Barnes* v. *Brown, 71 N. C. 507;* see *Cross* v. *Stahlman, 43 Pa. St. 129.*

that if the mortgage creditor became the purchaser of the mort-gaged premises at the sheriff's sale, under an execution issued upon a judgment rendered for the mortgage debt, the debt was not wholly extinguished, but only to the amount of the purchase-money.   And it was so held afterwards, in 1854, by Chancellor Williamson, in *Speer* v. *Whitfield, 2 Stock. 107.*  In that case he lays down the law on the subject as follows :  " If the mortgagee purchases the mortgaged premises *subject to the mortgage,* he can-not hold the land and enforce the payment of the mortgage debt against the mortgagor ; but he may hold his mortgage to protect his title.   If he purchased the mortgaged premises on an execu-tion at law against the mortgagor in favor of a third person, he purchases subject to the mortgage, and thereby extinguishes his debt.    Or if he purchases the mortgaged premises under an execution upon a judgment for his mortgage debt, he thereby extinguishes his debt to the amount he gave for the land."   He adds :  " In this case, Speer sold the mortgaged premises to sat-isfy his debt secured by the mortgage, and he purchased them

A statute authorizing an equity of redemption to be sold, under execution *at law,* was held not to include a judgment obtained by the mortgagee, on his bond, and a sale of the premises thereunder to himself, *Shaw* v. *Tims, 19 Grant's Ch. 496 ; Kerr* v. *Styles, 26 Id. 309 ;* see *Vannooman* v. *McCarty, 20 U. C. C. P. 42 ;* also *Preston* v. *Ryan, 45 Mich. 174.*

As to the right of a purchaser of the premises from the mortgagor to have a personal judgment against the mortgagor for the debt transferred to him on his redeeming the mortgage, *Greenough* v. *Littler, L. R. (15 Ch. Div.) 93 ;* and similar rights of the mortgagor's sureties on the bond, *Stewart* v. *Clark, 13 U. C. C. P. 203 ; Post* v. *Tradesmen's Bank, 28 Conn. 420 ; Darst* v. *Bates, 95 Ill. 493 ; Cullum* v. *Emanuel, 1 Ala. 23 ; Miller* v. *Musselman, 6 Whart. 354 ; Brewer* v. *Staples, 3 Sandf. Ch. 579 ; Lowndes* v. *Chisholm, 2 McCord's Ch. 455 ; Bronston* v. *Robinson, 4 B. Mon. 142.*

A vendor may enforce his lien against a purchaser of the premises under an execution issued on a judgment at law recovered by the vendor on his bond, *Rice* v. *Wilburn, 31 Ark. 108 ; Murphy* v. *Elliott, 6 Blackf. 482 ;* see *Barker* v. *Smark, 3 Beav. 64 ; Greeno* v. *Barnard, 18 Kan. 518.*

As to the jurisdiction of equity to relieve in case of mistake as to the effect of a purchase at a sheriff's sale on the lien of a mortgage on the premises, *Cumming's Appeal, 23 Pa. St. 509 ; Biggins* v. *Brockman, 63 Ill. 316 ; Lowndes* v. *Chisholm, 2 McCord's Ch. 455.*

The case of *Cattel* v. *Warwick, 1 Hal. 190,* seems to have been doubted in *Sloan* v. *Summers, 2 Gr 515.*—Rep.

for $33. Had the premises been sold for this debt alone, Speer would be obliged to give a credit of $33 on his interest in the mortgage, but as his judgment was for a much larger sum than the amount of his interest in the mortgage (his debt was, with claims of other persons, secured by the mortgage which was in the form of an absolute deed to one Whitfield), the $33 must be credited on the whole judgment debt, and the credit upon the mortgage must be in the proportion the mortgage bears to the judgment debt."

In that case, and in *Deare* v. *Carr*, the parties were before this court in proceedings for foreclosure of the mortgaged premises, and there was no difficulty in doing justice between them. In *Tice* v. *Annin*, Chancellor Kent says, speaking of the embarrassment in disposing of the subject by any entirely satisfactory adjudication, that the true and only remedy is to prevent such sales; that the mortgagee should be prohibited from proceeding at law to sell the equity of redemption, and ought, in every case, to be put to his election to proceed directly upon the mortgage, or else to seek other property (if the rights of other creditors do not interpose) or the person of the debtor, to obtain satisfaction of his debt, and that he sees no other way to prevent a sacrifice of the interest of the mortgagor. This view has been adopted by this court, and acted upon in *Severns* v. *Woolston, 3 Gr. Ch. 220,* and *Van Mater* v. *Conover, 3 C. E. Gr. 38,* and in other unreported cases, where injunctions were granted to restrain mortgagees from selling the equity of redemption under executions upon judgments recovered for the mortgage debts. This court is open to afford that relief, and if the mortgagor, having the opportunity, should not choose to avail himself of his right, he could not reasonably complain if the property should be sacrificed at the sale. Moreover, equity will, if he come in in due time, afford him relief on a proper case, upon a bill to redeem. Where the mortgaged premises are of but very little value, while the mortgage debt is large, it would, manifestly, be very unreasonable and unjust to hold that, by the sale of the premises at law for the payment of the mortgage debt, the mortgagee is to lose the balance of his debt. It might be that the mortgaged

Lydecker *v.* Bogert.

premises have a merely nominal value, and would not pay the expense of foreclosure proceedings. In such case, if the creditor, having obtained a judgment at law for the mortgage debt, should sell the equity of redemption under the execution, he would, if the doctrine contended for by the complainant is the true one, lose his debt, and the mortgagor be discharged therefrom without paying it or parting with anything of value for it, or being put to any pecuniary disadvantage in connection with it, for what the mortgagor would part with and the mortgagee get, would be of no value. The mortgagee, in fact, would unjustly lose his debt merely through the application of a doctrine of equity, a result not to be contemplated or allowed. The bond is the debt, and the mortgage is the pledge for its payment. If the creditor proceeds to sell the thing pledged, under inequitable circumstances, he may be restrained in equity, and if he has sold it under such circumstances, and bought it himself, the mortgagor may redeem, or it may be sold, or its value appraised and established in equity, in order to do justice between the parties. If a third party has bought it, subject to the mortgage, the mortgagor may obtain such relief against him as will be equitable. The main difficulty in dealing with the subject arises from the fact that the mortgagee, in selling the premises under execution at law, for his mortgage debt, sells subject to his mortgage— that is, he sells the equity of redemption merely, and if he buys it, it is to be presumed that he has had the benefit of his mortgage debt in the allowance of the amount in his purchase, for, buying subject to it, what he bids is bid for the property over and above the mortgage. Such would be the effect of a stranger's bid, and such will be the effect of his own. If he purchases the property and comes into equity for foreclosure of his mortgage, as was the case in *Speer* v. *Whitfield*, or is brought into court on such proceedings as in *Deare* v. *Carr*, equity will be done by charging him with his bid as a payment on his mortgage debt, and requiring the mortgagor to pay the balance, or be foreclosed, or by decreeing a sale of the property. If he buys expressly subject to his mortgage, his mortgage debt is extinguished. Where the sale is not expressly subject to the mortgage, the

mortgagor may restrain him, in equity, from proceeding to sell other property until he. shall have done what equity requires, which will be to credit on his debt what he ought to credit, in view of his purchase of the property under the circumstances. In the case in hand, the mortgagor has permitted the mortgagee to sell the mortgaged premises under his judgment. The mortgagee bought them. They did not bring enough to pay the debt. The mortgagee is now proceeding at law, as he lawfully may, to make the balance due him out of the mortgagor's other property. These facts alone are not sufficient to entitle the complainant to a decree that the debt is extinguished. But he is entitled to have the injunction continued, restraining the defendant from proceeding to sell under the execution at law until after it shall have been determined in this suit whether he ought, under the circumstances, to be permitted to raise any more money by execution, on account of the debt, and if anything, how much.