STANLEY D. HOYNE, Trustee in Bankruptcy, Appellant, v. IOWA TITLE & LOAN COMPANY et al., Appellees.

No. 42591.

DECEMBER 11, 1934.

D. N. Clark, for appellant.

D. M. Anderson and Mabry & Mabry, for appellees.

STEVENS, J.—The propositions presented for review upon this appeal all arise on the motion to dismiss the plaintiff's petition. The essential and material facts alleged in the petition are deemed admitted by the motion. The petition comprises twenty-nine pages of the abstract, and presents much confusion and no lack of complications in the statement of the ultimate facts. The trial court held that the petition was without equity and that it did not state a cause of action.

The ultimate facts, as we gather them from the pleadings, may be summarized as follows: On a date not stated in 1919, Clark Brothers, a copartnership having its place of business at Albia, Iowa, made and executed a series of notes in denominations ranging from $500 to $4,000, and aggregating $10,000 to become due February 1, 1923. To secure the payment of said indebtedness, the makers of the notes executed a mortgage to the payee upon a farm of 167 acres located in Monroe county. Upon the maturity of the notes, an extension agreement was entered into between the mortgagee and Orah H. Dunkin and wife, who had in the meantime acquired title to the property by conveyance from Clark Brothers, the makers of the notes. By the terms of the deed of conveyance from Clark Brothers to Dunkin, he assumed and agreed to pay the mortgage indebtedness. The mortgage executed by Clark Brothers contained a provision for pro rata distribution of the security for the benefit of whoever should be the holder of the notes or any of them when the same came due. The notes were, on dates not stated, assigned to different persons as follows: To the defendant Cecelia Heffon two notes for $2,000 each; to Clara J. Cash one note for $1,000 and two notes for $500; to Alice M. Koontz two $1,000 notes and one $500 note. The remainder, consisting of two notes for $750 each, was retained by the appellee Iowa Title & Loan Company.

About February 1, 1927, Dunkin defaulted in the payment of the interest on the several notes, and on or about February 4, 1928, the Iowa Title & Loan Company commenced an action at law against the makers on the two $750 notes held by it. Judgment was entered

thereon on April 1, 1928, for the amount due. Subsequently, and on April 16th of the same year, Alice M. Koontz obtained a judgment against Clark Brothers for $2,988.84, the amount due on the notes held by her. Some time in August, 1930, Orah H. Dunkin and wife conveyed the mortgaged premises to the Iowa Title & Loan Company, the conveyance reciting a consideration of $1. On or about the date of the deed, the mortgagee, as trustee for Cecelia Heffon and Jessic J. Cash, commenced an action in equity on the notes held by them and to foreclose the mortgage. The Iowa Title & Loan Company, trustee, bid the mortgaged property in at execution sale, and on February 5, 1932, a sheriff's deed was executed to it. On that date the said sheriff's deed and the warranty deed to said premises heretofore referred to were filed for record. After the conveyance of the mortgaged premises by Dunkin to appellee Iowa Title & Loan Company, and after the action of foreclosure was instituted and prior to judgment and decree therein, general executions were issued and levied upon real estate owned by Clark Brothers and sold in satisfaction of the judgments heretofore referred to in favor of the Iowa Title & Loan Company and Alice M. Koontz. To prevent the issuance of sheriff's deeds, Dwight D. Clark, Alfred B. Clark, and J. Russell Clark, as we understand the allegations of the petition, paid off and redeemed the said property from the execution sales. The property sold to satisfy the two judgments at law was no part of the mortgaged premises, and had nothing to do therewith.

On March 25, 1932, Orah H. Dunkin was adjudged a bankrupt in the United States District Court for the Southern District of Iowa. Appellant Stanley D. Hoyne was on said date or thereafter duly appointed trustee in said bankruptcy proceedings. D. M. Anderson, an attorney at law at Albia, Iowa, acted as attorney for Dunkin in the bankruptcy proceedings, and is now, and has at all times been, attorney for the appellee Iowa Title & Loan Company.

It is further alleged in appellant's petition that the conveyance of the mortgaged premises by Dunkin to appellee Iowa Title & Loan Company was fraudulent, without consideration, and in contemplation of the bankruptcy of the grantor, that the deed was withheld from record fraudulently, and was not, until after the execution of the sheriff's deed in the foreclosure action, filed for record, and that, under the United States Bankruptcy Law, the same constituted a preference.

Appellant prays that the said conveyance from Dunkin to the Title & Loan Company be canceled, set aside, and held for naught, that appellant be subrogated to the rights of the creditors named herein of the said bankrupt, and that a decree fully confirming and establishing the rights of said creditors in and to the said premises be entered and that the same be subjected to the payment of the claims thereof. ·

In general, in addition to what will be referred to later, the foregoing comprises the substance of the allegations and prayer of appellant's petition. The controversy between appellee Title & Loan Company, Clark Brothers, and other parties named in the record has supplied the subject-matter for considerable prior litigation more or less directly connected herewith. While the prior litigation is not referred to in appellant's petition, it is discussed in appellee's brief without in any way being referred to by appellant in reply. We assume, therefore, that the subject-matter of the prior litigation arose out of other phases of the transaction here involved. See Koontz v. Clark Brothers, 209 Iowa 62, 227 N. W. 584; Iowa Title & Loan Co. v. Clark Brothers, 209 Iowa 169, 224 N. W. 774; Iowa Title & Loan Co. v. Clark Brothers, 213 Iowa 875, 237 N. W. 336.

It will be observed from the foregoing statements of the allegations of appellant's petition that the deed from Dunkin to the Iowa Title & Loan Company was executed almost two years prior to the adjudication of Dunkin as a bankrupt and at a time when more than $6,000 of the original mortgage indebtedness was past due and unpaid.

It will further be observed that the two judgments against Clark Brothers were not paid by them but by Dwight, Alfred B., and Russell Clark, who were not defendants in the law actions or liable for the payment of the notes of Clark Brothers. The payments made by them were voluntary and obviously for the purpose of saving the property from sheriff's deed. Clark Brothers were at all times liable to the holders of the series of notes executed by them, and the record disclosed no possible equity in their favor. In this situation, the record presents no basis for the application of the doctrine of subrogation. Indeed, appellant apparently fully recognizes this to be true, for the reason that the subject is not referred to in the argument filed herein in his behalf. The petition contains no allegation as to the value of the 167 acres. It might possibly be inferred from the commencement of actions at law to recover on several of

the notes executed by Clark Brothers that the holders did not deem the mortgaged premises of sufficient value to satisfy the indebtedness. No other property of the bankrupt is referred to in the petition. It is scarcely credible that the deed from Dunkin to the Title & Loan Company was executed fraudulently and in contemplation of bankruptcy. All of the allegations of the petition alleging fraud are general and are limited to the statements of conclusions. Dunkin, so far as any ultimate fact is charged in the petition, had a perfect right to convey the legal title of the mortgaged premises to the mortgagee. The consideration recited is $1. The petition alleges that the conveyance was, in fact, without consideration. The action in equity to foreclose the mortgage was the natural process to be followed in the collection of the unpaid series of notes. Although the Title & Loan Company was the owner of the legal title to the mortgaged premises, it had a perfect legal and equitable right, as trustee for the holders of the unpaid notes, to maintain the foreclosure action. There was nothing, so far as the allegations of the petition disclose, irregular in this proceeding. The Title & Loan Company, as owner of the legal title to the mortgaged premises and its relation as trustee of the holders of the unpaid notes, was wholly separate and distinct. If Dunkin executed the warranty deed referred to in contemplation of bankruptcy, he accomplished nothing for himself and in no way apparently prejudiced his creditors. The sheriff's deed executed to the Title & Loan Company in the foreclosure action cut out every conceivable interest possessed by him and, so far as the allegations of the petition disclose, of his creditors.

It is asserted by appellant that the conveyance was fraudulent under the United States bankruptcy laws and that the four-month period designated therein did not commence to run until the deed was filed for record. As between the original parties, the filing of the deed for record was not necessary to its validity. Sillyman v. King, 36 Iowa 207; Potter v. Potter, 185 Iowa 559, 170 N. W. 773. Section 10105 of the Code relating to the recording of instruments is for the benefit of subsequent purchasers for value. The conveyance, therefore, did not constitute a preference either under the Iowa statute or section 60a of the Federal Bankruptcy Act. Hart v. Weiser, 57 N. D. 849, 224 N. W. 308; Heiman v. Parnass (D. C.), 40 F. (2d) 558.

It is further alleged by appellant that the deed was in fact executed without any consideration and for the purpose of enabling

appellee Title & Loan Company to obtain the rents and income from the mortgaged premises for the years 1931 and 1932, that at the time said instrument of conveyance was executed appellee well knew that the grantor was insolvent, and that the same was executed in contemplation of bankruptcy and for the purpose of cheating and defrauding creditors.

Based upon the foregoing allegations, appellant prays judgment against each and all of the defendants for $1,500, alleged to be the rental value of the said premises for 1931 and 1932, and $500 for waste. It is true that the deed was withheld from the record until after the sheriff's deed in the foreclosure proceeding was issued and filed for record.

According to the allegations of plaintiff's petition, the fact of the execution of the deed by Dunkin was not concealed but was published openly and above board. It is charged that in the spring of 1931 appellee posted a conspicuous sign upon, or adjacent to, the mortgaged premises reading as follows:

"This Farm is owned by, and in the possession of the Iowa Title & Loan Company, Trustee, For sale or Rent. Iowa Title & Loan Co., Trustee."

The allegations of the petition charging fraud are in every instance general and in the form of conclusions merely. The contents of the sign above referred to are hardly calculated to sustain the general allegations of fraud in the petition. On the contrary, it carries on its face evidence of good faith. It is clear that the claim of waste is without a semblance of merit.

We find no allegation of any fact in the petition tending in any way to disclose that at the time of the conveyance by Dunkin he contemplated bankruptcy. The mortgage indebtedness was long past due at the time the deed was executed and foreclosure thereof had been delayed. Unless the conveyance constituted a preference under the Federal bankrupty law, which we are clear it did not, appellant could assert no claim to rents and profits derived therefrom after the execution of the instrument of conveyance. This would seem to follow as a necessary result.

Although rather difficult to co-ordinate and analyze, we have examined appellant's petition with care. In the judgment of the

court, it does not state a cause of action and is wholly without merit or equity. Without further discussion, it is ordered that the judgment be, and it is, affirmed.—Affirmed.

MITCHELL, C. J., and ANDERSON, DONEGAN, ALBERT, and KINTZINGER, JJ., concur.