70 N.J. Super. 456 (1961)
175 A.2d 673
BENJAMIN SILVER, PLAINTIFF,
v.
THOMAS WILLIAMS, SR., WIDOWER, ALLEN F. ROULHAC, ELTON E. HILL, IMPROVEMENTS CORPORATION OF MARYLAND, A CORPORATION OF MARYLAND, SYLVIA GORDON, ALSO KNOWN AS SYLVIA GOLDSTEIN, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JACK GORDON, ALSO KNOWN AS JACK GOLDSTEIN, G & S DUO HOLDING COMPANY, A CORPORATION OF NEW JERSEY, AND COMMERCIAL BANKING CORPORATION, A DELAWARE CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 16, 1961.
*457 Mr. David Weinick argued the motion for plaintiff.
Mr. Herman J. Ziegler argued the motion for defendant Improvements Corporation of Maryland and Standard Discount Corporation.
Mr. Jacob T. Shoenholz argued the motion for defendant Sylvia Gordon.
Mr. Philip Mitchell, pro se.
CONKLIN, J.S.C.
The problem before this court concerns the priorities of encumbrances upon the property situated at 311 South Clinton Street, East Orange, New Jersey. Plaintiff, Benjamin Silver, assignee of a purchase money mortgage upon the premises, instituted foreclosure proceedings upon the premises and alleged a lien of cardinal priority. The following is the sequence of events with regard to the liens on said property:

*458
April 25, 1947 Deed to Thomas Williams, Jr.
April 25, 1947 Purchase money mortgage from Williams, Jr. to
 assignor of Benjamin Silver, plaintiff.
December 6, 1954 Judgments against Williams, Jr. in favor of
 Allen F. Roulhac and Elton E. Hill (R & H
 judgment purchased by Standard Discount Corporation.)
January 25, 1956 Judgment against Thomas C. Williams, Sr. and
 Thomas C. Williams, Jr.
May 24, 1958 Deed from Thomas Williams, Jr. and Fran
 Williams, his wife, to Thomas Williams, Sr.
October 8, 1958 Mortgage, Thomas Williams, Jr. to assignor of
 Improvements Corporation of Maryland (purchased
 by Standard Discount Corporation).
December 10, 1958 Mortgage to Jack Gordon.
July 14, 1960 Mortgage, Thomas Williams, Sr. to F & L
 Roofing and Home Improvement Co. which was
 assigned to G & S Duo Holding Co., then
 back to F & L, then to Philip Mitchell.
January 12, 1961 Foreclosure suit started by plaintiff Silver.
January 19, 1961 Lis pendens filed by Silver.
January 24, 1961 F & L enters judgment against Thomas Williams,
 Sr.
February 15, 1961 Execution issued on F & L Roofing judgment.
April 26, 1961 Levy on right, title and interest of Thomas
 Williams, Sr. in 311 South Clinton Street,
 by F & L.

In execution of plaintiff's foreclosure, the premises were sold to Standard Discount Corporation on October 3, 1961. On the question of distribution of the proceeds of this sale, the contesting parties are Standard and Mitchell, both of which admit the priority of plaintiff Silver, as a result of his purchase money mortgage. However, Mitchell asserts equitable priority over Standard, a contention which is vigorously contested by the latter.
Although Mitchell's contention might arguably be summarily dismissed as a result of the institution of foreclosure *459 proceedings prior to the execution of the judgment upon which he relies, we shall not determine this question at this time, in order to analyze the issues of priorities and rights thereunder which confront us.
Two statutory provisions deal with the present problem. R.S. 46:9-8, in maintaining the priority of the purchase money mortgage over judgments, states:
"Whenever real estate situate in this state is or shall be sold and conveyed, and a mortgage is given by the purchaser at the same time, on the real estate sold, to secure the payment of the purchase money or any part thereof, such mortgage shall be preferred to any previous judgment which may have been obtained against such purchaser." (Emphasis supplied)
N.J.S. 2A:17-39 states that the lien of a prior judgment acquired under the statute will be destroyed and supplanted by the lien of a junior judgment on which an execution has been sued out, delivered to the sheriff, and levied before the delivery and levy on an execution sued out on the prior judgment. Bogert v. Lydecker, 45 N.J.L. 314 (Sup. Ct. 1883); Clement v. Kaighn, 15 N.J. Eq. 47 (Ch. 1862).
The court held in Vineland Savings & Loan Ass'n v. Felmey, 12 N.J. Super. 384 (Ch. Div. 1950), that under the above statute, mere issuance of execution and levy on realty by a judgment creditor results in priority for such creditor over all other judgment creditors, regardless of the date of docketing. Actual sale thereunder, by the junior judgment-holder, was not required by the court in order to reach such a result.
Thus, on the basis of the foregoing examination, it would appear that plaintiff Silver, the purchase money mortgagee, has first priority and that Mitchell, the assignee of the F & L judgment, stands ahead of the R & H judgment, unexecuted, which has been assigned to Standard.
A further inquiry arises as to the priority of the mortgages of October 8, 1958, and December 10, 1958, which fall, chronologically, between the two judgments discussed above.
*460 In the Clement case, supra, a judgment creditor was prior in time to a subsequently recorded mortgage, which was prior to subsequent judgment creditors. The latter issued writs of execution and thereupon levied on the realty in question. Under the statute, priority accrued to them over the senior, unexecuted judgment. The court, considering the equities of the matter, placed the mortgagee first, the junior judgment creditors second, and the senior judgment last. It held, 15 N.J. Eq., at page 59:
"This is the inseparable consequence of the laches of the plaintiff in not suing out execution upon his judgment." (Emphasis supplied)
The court emphasized that as an "inevitable consequence" of the failure to execute the senior judgment, rights thereunder must be postponed to the "encumbrance of the complainant's mortgage, which is prior to the junior judgments, and whose priority cannot be affected by any laches of the plaintiff in the prior judgment."
This analysis was reviewed and sustained in Andrus v. Burke, 61 N.J. Eq. 297 (Ch. 1901) and has not been reversed to date.
For a similar approach to the general problem of lien priorities, in the area of bankruptcy, see the opinion of the Circuit Court of Appeals in In re Quaker City Uniform Co., 238 F.2d 155 (3 Cir. 1956).
However, the complexity of the facts evidenced, and ramifications thereof, fail to terminate at this sequence of analysis. Let us examine the background of Mitchell's position, from which he asserts his priority.
On July 14, 1960 Williams executed a mortgage to F & L, which was recorded. On August 14, 1960, the mortgage was assigned to G & S, and also subsequently recorded. By virtue of an assignment from G & S, dated September 21, 1960, F & L became the owner and holder of the mortgage and accompanying note. This assignment was recorded on October 2, 1961. On January 24, 1961 F & L recovered a judgment against defendant Williams. This judgment is *461 recorded. On or about February 15, 1961 an execution was issued pursuant to said judgment and a levy was made thereunder against the right, title, and interest of defendant Williams, upon the premises which comprise the subject matter of these proceedings. On September 29, 1961 the mortgage and judgment were assigned to claimant Mitchell. The latter alleges priority over any preceding unexecuted judgment, pursuant to N.J.S. 2A:17-39, in regard to the payment out of any proceeds of the sale of the premises in question.
Standard argues, contra, that under New Jersey doctrine, as substantiated in other jurisdictions, a judgment may not be satisfied by levy and sale of the specific property encompassed by the mortgage, nor of the mortgagor's equity of redemption. It is vigorously asserted that, under the circumstances, Mitchell gains priority over no other encumbrance holder. Much purport is given to a result which would manifest in Mitchell an inequitable "double lien" on the premises. See Severns v. Woolston's Ex'rs, 4 N.J. Eq. 220 (Ch. 1842); Van Mater v. Conover, 18 N.J. Eq. 38 (Ch. 1866); Lydecker v. Bogert, 38 N.J. Eq. 136 (Ch. 1884).
In the Lydecker case, the court, at page 140, enunciated the principle that "the mortgagee should be prohibited from proceeding at law to sell the equity of redemption, and ought, in every case, to be put to his election to proceed directly upon the mortgage, or else to seek other property (if the rights of other creditors do not interpose) or the person of the debtor, to obtain satisfaction of his debt." The court cited Van Mater v. Conover, supra, as an instance wherein the Court of Chancery imposed an injunction "to restrain mortgagees from selling the equity of redemption under executions upon judgments recovered for the mortgage debts." (Emphasis supplied) See also Preston v. Ryan, 45 Mich. 174, 7 N.W. 819 (Sup. Ct. 1881); Lippincott v. Shaw Carriage Co., 25 F. 577 (Cir. Ct. D. Ind. 1885); Iowa Title and Loan Co. v. Clark Bros., *462 213 Iowa 875, 237 N.W. 336 (Sup. Ct. 1931); Hoyne v. Iowa Title & Loan Co., 219 Iowa 278, 257 N.W. 799 (Sup. Ct. 1934).
A careful study of the above cited decisions results in the conclusion that a judgment recovered upon a debt secured by a mortgage does not merge the mortgage nor operate as a discharge, abandonment, or release of the mortgage security. Although the lien of the judgment does not attach to the premises covered by the mortgage except, at best, to the extent of subjecting the equity of redemption which remains in the mortgagor, such lien relates back to the date when the mortgage was recorded. 59 C.J.S. Mortgages § 342(f), pp. 488-489.
Several cases have held that when an execution is effectuated in the manner attempted by Mitchell, the debt involved does not surrender its character as a mortgage indebtedness. The mortgage continues to secure such debt and is not released, discharged, or satisfied by a judgment on the debt, note, or bond. Such judgment stands subordinate to the mortgage lien. Priess v. Buchsbaum, 332 Ill. App. 565, 76 N.E.2d 195 (App. Ct. 1947); Edrington v. Hermann, 74 S.W. 936 (Tex. Civ. App. 1903); Gibson v. Green's Adm'r, 89 Va. 524, 16 S.E. 661 (Sup. Ct. App. 1893); Beckett v. Clark, 225 Iowa 1012, 282 N.W. 724, 121 A.L.R. 912 (Sup. Ct. 1938).
It is significantly asserted by Standard that Mitchell has presented no case supporting his proposition wherein the holder of a judgment on which a levy was executed was also the holder of a mortgage on the property levied on, which mortgage was given to secure the very same indebtedness on which the judgment was based.
Although the argument of laches is justifiably raised against Standard, in the failure of the latter to execute and levy on its judgment, Mitchell has not proven a priority over Standard in his contentions and argument. Thus, we conclude that the following order of priorities prevails:
*463 1. Purchase money mortgage to plaintiff, April 25, 1947.
2. Judgment assigned to Standard, December 6, 1954.
3. Judgment in favor of Commercial, January 25, 1956.
4. Mortgage, October 8, 1958.
5. Mortgage, December 10, 1958.
6. Mortgage and judgment assigned to Mitchell, September 29, 1961.
Judgment for plaintiff without costs.