Matthew M. Levy, J.
The petitioner moves to compel arbitration of a dispute between the parties. Both parties admit that the agreement between the associations (of which petitioner and respondent are respectively members) requires arbitration of disputes. However, the respondent elected to institute an action against the petitioner in the Municipal Court. The suit was commenced on December 3, 1956. The petitioner claims that it was unaware of the existence of the arbitration agreement until some time in October, 1957. In the interim it served an answer and a demand for a bill of particulars, and, on or about October 1 or 3,1957 (the affidavits set forth different dates), trial of the action commenced and was then continued to October 21,1957.
The petitioner argues that, because of its lack of knowledge of the existence of the arbitration agreement, its participation in the Municipal Court action did not constitute a waiver of arbitration. But the petitioner does not deny that the association, of which it was and is a member, was duly authorized as its “collective bargaining ” agent, to enter into the agreement (cf. Matter of Eimco Corp. [Deering, Milliken & Co.], 6 Misc 2d 422, 428-429). A contention based on the alleged lack of knowledge on the petitioner’s part, therefore, of the terms of the agreement is untenable (cf. Di Rienzo v. Farrand Optical Co., 148 N. Y. S. 2d 587, 589-590). Absent fraud or mistake, an agreement executed by a party — or by an authorized agent — is not subject to impeachment on the plea of ignorance of its contents (Matter of Charles S. Fields, Inc. v. American Hydrotherm Corp., 5 A D 2d 647, 649; cf. Matter of Stone, 272 N. Y. 121, 124; see 1 Williston, Contracts [3d ed.], § 90A).
Moreover, a witness has been sworn, and thus the trial was begun in the action at law. By recent amendment to section 1451 of the Civil Practice Act, the Municipal Court, as the tribunal in which the action was brought, was empowered to stay the action if instituted in violation of the arbitration contract (L. 1954, ch. 187). As the petitioner did not demand arbitration prior to the commencement of the trial and took affirmative steps in defending the action on the merits, it is now too late to demand arbitration (Matter of Zimmerman [Cohen], *1039 236 N. Y. 15, 19; Matter of Nathan Associates Inc. [Murray Hill Constr. Corp.], 268 N. Y. 692; Klein Coat Corp. v. Peretz, 4 Misc 2d 341, 346). The case of Matter of Haupt v. Rose (265 N. Y. 108) is distinguishable on the facts from the situation presented in the case at bar.
Motion denied.