Matthew M. Levy, J.
This is an application to stay arbitration. The respondent argues that the petitioner may not address itself to the merits of the controversy and that the only issues arising upon an application for a stay of arbitration are the existence of a contract to arbitrate, the breach thereof and whether an arbitrable issue exists. It is precisely this latter question which is before the court, and, ill considering whether an arbitrable issue exists, I must necessarily look into the merits of the purported controversy, not to determine the *625 merits but to discover whether a dispute is presented which, under the agreement, is subject to arbitration (Klein Coat Corp. v. Peretz, 4 Misc 2d 341, 344). If, for example, there has been failure to pay a note which is the end result of a contract that imposed obligations on both contracting parties, the covenants and conditions of which agreement are in no respect impugned, and the performance of which is not placed in dispute, it is clear to me that the failure to pay the note does not raise an arbitrable issue, and that a suit upon such note will lie at law despite the fact that the contract contains a provision for arbitration. In essence, that is this case.
The dispute arises from these facts: There is an underlying contract and there are mortgages and notes springing therefrom. Defaults in payment' occurred thereunder, which, it is said, arose by reason of the delay in transfer of funds from Turkey to the United States due to foreign exchange difficulties. The petitioner claimed to be entitled to cure the defaults, which was done but a few days after the defaults occurred. While the contract in itself does not contain any provision for curing defaults under the mortgages, the mortgages do contain such provisions. Both the contract and the mortgages contain acceleration clauses, but the promissory notes did not, on their face, have such clauses. The mortgages containing the curative provisions were made part of the contract and all papers are dated on the same date. In the circumstances, all of the contractual documents are thus integrated and each cannot be considered except together with the others; all are to be considered altogether as part of a single transaction. (Nau v. Vulcan Rail & Constr. Co., 286 N. Y. 188, 197; Jones v. Crawford, 3 A D 2d 479, motion for reargument denied and motion for leave to appeal denied 4 A D 2d 826; Green Point Sav. Bank v. Central Gardens Unit No. 1, 279 App. Div. 1078, motion for reargument denied and motion for leave to appeal denied 280 App. Div. 789.)
The first thing that is to be noted concerning this controversy is, therefore, that there is no dispute as to the contract and the terms thereof. No one questions it. The second thing to be noted is that the contract has been fully performed, except for the payments due thereunder. No one suggests that it has not been. The sole obligation remaining, even in the view of the respondent, is to make payment of the paper. Upon no basis whatever, therefore, can I find an arbitrable issue presented before this court.
Moreover, it is quite clear that there has been a waiver of the right to arbitrate, if such right there was. The controversy *626 between, the parties was before the Dutch and United States courts in actions instituted by the respondent, which actions involved the demand for the payment of the full accelerated sum. One of these actions was in the District Court of Rotterdam. In accordance with Dutch legal procedure, the first cause was entitled the ‘ ‘ primary cause of action ’ ’, and there the respondent demanded the right to accelerate the notes. The ‘ ‘ subsidiary cause of action ’ ’ alleged the arbitration clause of the contract. The petitioner counterclaimed for damages for wrongful attachment. The judgment entered in that action on the complaint shows that the primary cause stated therein was withdrawn by the respondent with prejudice. The judgment was also in favor of the petitioner upon its counterclaim. Thus, by necessary implication, the judgment rejected the validity of the claim of the respondent set forth in the demand for arbitration. These procedures and determinations I deem to be a waiver of any right to arbitrate under the contract. Even absent such an adjudication in the Dutch court, the fact that the respondent instituted a cause of action in the United States District Court for the Eastern District of New York on the same demand contained in the present demand for arbitration must be considered as a waiver of the permissive right to arbitrate contained in the contract between the parties. “Plaintiffs made their election when they brought their action against the defendant ignoring the agreement to arbitrate ” (Matter of Zimmerman v. Cohen, 236 N. Y. 15, 19; see, also, Matter of Nathan Associates [Murray Hill Constr. CorpJ], 268 N. Y. 692).
The voluminous papers and briefs presented on this application establish overwhelmingly that there is nothing here to arbitrate, and that if there were, there has been waiver. And I find absolutely nothing in this submission which would evoke any suggestion, although urged by the respondent, for consideration of the question that the petitioner’s remedy is a plenary suit for an injunction.
The motion by the petitioner is granted, and the arbitration proceedings referred to in the order to show cause (which were stayed therein pending the hearing, and which stay was then continued by me pending determination) are permanently stayed.
Settle order reciting all the papers submitted hereon, including the documents which are marked for return to counsel.