Matthew M. Levy, J.
On September 15, 1959, General Moving & Storage, Inc., commenced an action in the Municipal Court of the City of New York against Royaloy, Inc., to recover the sum of $420.50, as the agreed price and reasonable value of services rendered to Royaloy in connection with the moving of certain machinery and equipment. The next day, Royaloy instituted this suit in this court against General on two causes of action. One count was for reformation of the contract, bill of lading and freight bill — these documents being the integrated agreement entered into between Royaloy as shipper and General as carrier — so as to provide therein that the value of the shipper’s property which was moved by the carrier was in fact in excess of $5,000 instead of 30 cents a pound as allegedly incorrectly specified in the instruments (which the shipper claims did not express the true and actual intention and agreement of the parties), and also to declare that the carrier warranted and insured the safety of the shipper’s property to a limit of $5,000. In the second cause of action, the shipper alleges damages to its property in excess of $5,000 caused by the negligence of the carrier, and seeks to recover the sum of $4,579.50 therefor. This *256 sum was arrived at by the shipper by deducting the carrier’s undisputed charge of $420.50 from the $5,000 limit of liability under the agreement as reformed.
In the Municipal Court action, the shipper filed an answer setting forth, in substance, the allegations of its complaint in this action in this court. Prior to the interposition of the carrier’s answer to the shipper’s complaint in this court, the shipper, the plaintiff here, moves before me to remove the Municipal Court action to this court and to consolidate that action with the suit pending here. The carrier cross-moves to stay the action pending arbitration of the issues, the contract providing for arbitration of “ [a]ny controversy or claim arising out of or relating to the contract, the breach thereof, or the goods affected thereby ”. I shall consider the cross motion first.
The shipper asserts that it was unaware that it was agreeing to arbitration when it entered into the arrangements with the carrier, and that the signed written agreement did not on its face indicate that on the reverse side in fine print there was an arbitration clause (Matter of Philip Export Corp. [Leathertone, Inc.], 275 App. Div. 102, 105). The carrier alleges knowledge and intent so to agree on the shipper’s part. That contention as thus controverted would necessitate a trial to determine whether the parties agreed to arbitrate (Matter of Eimco Corp. [Deering, Milliken & Co.], 6 Misc 2d 422, 428). However, in the view I take of this application as a whole, the adoption of such procedure is not here required.
The shipper contends further that the carrier waived any right to demand arbitration under the agreement because it made an irrevocable election of an inconsistent remedy by suing in the Municipal Court. (Matter of Gerakares [Camarinos], 2 A D 2d 850; Matter of Cooper Hats [Kadis], 285 App. Div. 937, affd. 309 N. Y. 705; Matter of Zimmerman [Cohen], 236 N. Y. 15; cf. Matter of Denizcilik Bank [Transatlantic Financing Corp.], 13 Misc 2d 624, 626; Matter of Bel-Rose Fashions [Braunheim], 25 Misc 2d 1037.) That, in my opinion, is not necessarily so in the case at bar, because it is doubtful whether a suit for unpaid carriage charges ■ — in substance concededly due — ■ should be deemed a waiver of the carrier’s right, if any, to arbitrate (see Newburger v. Lubell, 257 N. Y. 383, 387).
Finally, the shipper contends that arbitration is not the sole remedy under the terms of the agreement itself. The principal basis of the last argument is the language contained in two clauses of the contract. The first is section 2(b) of the “ Contract Terms and Conditions ”. It provides that claims shall be *257 presented and “ suits shall be instituted against [the carrier] only within ” a certain time, and that “ [w]here claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims mil not be paid. ” It is argued that, since this provision treats with the prerequisites to the bringing of ‘ ‘ suits ’ ’, that means suits at law", and therefore it shows that the parties did not intend to adopt arbitration as the exclusive remedy, and thus that the remedy of resort to the courts was not foreclosed by the contract. As pointed out in Madawick Contr. Co. v. Travelers Ins. Co. (307 N. Y. 111, 119) that might be true in certain contexts, but, again, it is not necessarily so. Cases may be found in seeming support of either side of the argument, but each must be studied in the light of the background of the facts, the purpose of the agreement and the language thereof. In consequence of the effect of another clause in the contract, I need not determine here that, from the words used in section 2(b), the result contended for is a foregone conclusion from the language used.
The other clause to which I refer is section 10, the paragraph providing for arbitration. I quote: £ 1 Any controversy or claim arising out of or relating to this contract, the breach thereof, or the goods affected thereby, whether such claim he founded in tort or contract, shall be settled by arbitration under the Arbitration Law of the State of New York, and under the rules of the American Arbitration Association, provided however, that upon any such arbitration the arbitrator or arbitrators may not vary or modify any of the foregoing provisions.” (Emphasis supplied.)
As to the effect of the proviso portion of this section, there seems to be a dearth — perhaps absence — of authority. In any event, I have not been cited nor have I found any precedent in point. Disposing of the issue as one of first impression, it is clear to me that this clause indicates that the parties have, by implication, excluded arbitration in the event reformation of the agreement is sought, since the arbitrators have, by express language, been denied power to “vary or modify” the provisions of the contract — the very function of a suit in equity for reformation. The cross motion to stay the prosecution of the action in this court, pending arbitration, is therefore denied.
I shall next consider the motion by the shipper, the plaintiff here, to remove the carrier’s action against it in the Municipal Court to this court for purposes of consolidation with the suit pending here. Both actions involve the same parties and arise out of the same transaction, and common questions of law and *258 fact exist. There would be no impediment to consolidation by reason of the fact that one action is at law and the other is in equity (Shlansky & Bro. v. Grossman, 273 App. Div. 544). Nor is the fact that one of the actions is not at issue an obstacle, since the court can plainly see what the issues of the controversy between the parties will be (Geller v. Ticktin, 6 Misc 2d 16, 19; Pansy v. Massola, 207 Misc. 908, 914; Gibbs v. Sokol, 216 App. Div. 260, 262). Accordingly, the motion to consolidate would normally be granted without condition, and an order would be settled in conformity with Vidal v. Sheffield Farms Co. (208 Misc. 438).
But it is axiomatic that consolidation should not be granted if there is prejudice to a substantial right (Civ. Prac. Act, §§ 96, 96-a, 97). Therefore, since there is no genuine dispute as to the shipper’s liability for the carriage charges, there should be no consolidation and the consequent delay in the carrier’s recovery thereof, unless the shipper, who is asking for the transfer of the Municipal Court action to this court, gives adequate security for the payment of such charges. By this means, prejudice to the carrier will be minimized if not avoided.