**UNITED STATES of America,
Plaintiff,**

v.

**Claus E. TIETJE, Defendant.
Civ. No. 5424.**

United States District Court
E. D. Illinois.
April 24, 1964.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for plaintiff.

Claus E. Tietje, pro se.

JUERGENS, District Judge.

This action is founded on Sections 1340 and 1345 of Title 28 United States Code, and Sections 7401 and 7402 of the Internal Revenue Code and is a civil action arising under the Internal Revenue Laws of the United States.

The complaint alleges that on March 15, 1954, a statutory notice of deficiency was mailed to defendant Claus E. Tietje and his wife, Ann Tietje, advising them of a proposed income tax deficiency to be assessed against them; that within the statutory period allowed defendant Claus E. Tietje and his wife, Ann Tietje, filed a petition with the Tax Court of the United States; that based upon a stipulation entered into by the parties the Tax Court entered a decision on October 12, 1955, which determined that there was a deficiency in income tax due from defendant Claus E. Tietje and his wife, Ann Tietje, jointly for the taxable year 1950 in the amount of $11,809.24; that based upon the Tax Court decision an assessment was made against defendant Claus E. Tietje and his wife, Ann Tietje, on December 15, 1955 for their joint income tax liability for the year 1950 in the amount of $15,174.87, which amount included assessed interest; that notice of and demand for payment of this tax liability was made on defendant Claus E. Tietje and his wife, Ann Tietje, on December 20, 1955; that on February 15, 1956 a notice of federal tax lien was duly filed with the Recorder of Deeds, St. Clair County, Belleville, Illinois; that payments and credits in the amount of $3,087.40 were made on account of the aforementioned tax liability but there remains outstanding $12,087.47 plus interest; that by virtue of a Tax Collection Waiver, executed on August 2, 1961 by defendant Claus E. Tietje, the Statute of Limitations, as to the commencing of a proceeding in a court to collect the above-stated tax deficiency, was extended to December 31, 1963; that by reason of the Tax Court decision and assessment defendant Claus E. Tietje is indebted to the plaintiff in the amount of $12,087.47, together with interest and costs. Judgment is prayed for the sum of $12,087.47, together with interest and costs.

The complaint was filed on December 20, 1963. Defendant Claus E. Tietje filed his answer, wherein he admits, inter alia, that he resides within the jurisdiction of this Court; jurisdiction is conferred upon this Court by the statutory authority alleged in the complaint; that

a statutory notice of deficiency was mailed to him and his wife, Ann Tietje, advising them of a proposed income tax deficiency to be assessed against them, but he is without knowledge as to the date upon which the notice was mailed; that within the statutory period he and his wife filed a petition with the Tax Court of the United States, but he is without knowledge as to the docket number and is without knowledge to form a belief as to whether or not a stipulation was entered into by the parties; and that the Tax Court rendered a decision on October 12, 1955, which determined there was a deficiency in the income tax due from defendant and his wife, Ann Tietje, jointly for the taxable year 1950 in the amount of $11,809.24. He asserts that he has made payments to the District Director of Internal Revenue but is without knowledge as to the amount so paid and to what account applied.

In his answer defendant alleges that there is a nonjoinder and defect of parties in that it appears on the face of the complaint that Ann Tietje is a necessary and indispensable party defendant and that the complaint alleges in paragraph 4 that the defendant and Ann Tietje are jointly liable, and he moves that Ann Tietje be joined as a necessary party defendant and prays to be dismissed with costs.

The cause is before the Court on plaintiff's motion for summary judgment, together with supporting affidavits.

Exhibit 1, attached to the motion for summary judgment, is an affidavit of Alfred Hollinshead, Jr., wherein he avers he is the Chief of the Accounts Maintenance Section, Collection Division, Springfield Internal Revenue District, and as such has the official custody of and has examined the documents and records referred to in the affidavit; that on December 15, 1955 an assessment was made against defendant Claus E. Tietje and his wife, Ann Tietje, for their joint income tax liability for the taxable period 1950 in the amount of $15,174.87; that a statutory notice of and demand for payment of tax liability was made on December 20, 1955; that payments and credits have been applied and there now remains outstanding on the assessment the sum of $12,087.47, plus interest at the rate of 6 per cent per annum, after having applied credits and payments in the amount of $3,087.40; and that a notice of tax lien for the aforementioned tax liability was filed with the Recorder of Deeds, St. Clair County, Illinois on February 15, 1956.

Exhibit 2 is certified as a true and correct copy of a document entitled "Tax Collection Waiver," signed by Claus E. Tietje, which provides that the unpaid balance of the assessment for additional income tax for the year 1950 may be collected, together with interest, penalties or other additions as provided by law which have accrued and which may accrue on the assessment, from Claus E. and Ann Tietje by levy or by a proceeding in court begun on or before 12/31/63. The Tax Collection Waiver, executed on August 2, 1961, shows the assessment as of 12/15/55 and shows an unpaid balance of $13,137.47.

Exhibit 3 is a stipulation of settlement and a decision of the Tax Court. The stipulation, among other things, contains the following:

"It is further stipulated that there is a deficiency in income tax due from the petitioners for the taxable year 1950 in the amount of $11,809.-24."

The decision provides, inter alia:

"That there is a deficiency in income tax for the taxable year 1950, in the amount of $11,809.24; * * *"

Exhibit 4 is a certificate identifying certain letters—the first of which is a letter to Honorable Louis F. Oberdorfer, Assistant Attorney General, authorizing and requesting him to institute legal proceedings as necessary against the above-named taxpayer in order to effect collection. The taxpayer named in the letter is Claus E. Tietje, 10 Hilltop Place, East St. Louis, Illinois. The second letter is from Louis F. Oberdorfer, Assistant Attorney General, Tax Division, to Carl W.

Feickert, Esq., United States Attorney, East St. Louis, Illinois, directing him, among other things, to promptly file the complaint with the Court.

It appears that the allegations of the complaint are fully substantiated by the defendant's admissions and the affidavits and certificates accompanying the motion for summary judgment. There remains for consideration the defendant's assertion that there is a nonjoinder and defect of parties.

If a joint return is filed by a husband and wife living together, they are jointly and severally liable for the full tax liability. Furnish v. Commissioner of Internal Revenue, 9 Cir., 1958, 262 F. 2d 727.

Since the liability for the tax was joint and several, the Government could have pursued the action to collect same against either party or both parties; it was not necessary that both parties be joined as defendants. Defendant's assertion that there is a nonjoinder and defect of parties is without merit.

The Court finds that summary judgment in this cause should be entered for the United States of America for the sum of Twelve Thousand, Eighty-seven and 47/100 Dollars ($12,087.47) plus interest from December 15, 1955.

Parties to settle the order.