TRADE BANK AND TRUST COMPANY, Respondent, *v.* LIONEL GOLD-BERG, Appellant, et al., Defendants.

First Department, March 27, 1972.

*David Sive* of counsel (*Sigmund Anderman* with him on the brief; *Winer, Neuburger & Sive,* attorneys), for appellant.

*Ronald Gene Wohl* of counsel (*Gettinger, Gettinger & Manheimer,* attorneys), for respondent.

STEUER, J.   Both sides moved for summary judgment and the court gave judgment for the plaintiff for $2,000 and directed a trial for the remaining amount of the claim, namely, $30,000. We agree that no question of fact as to the item of $2,000 was presented.  This sum has since been paid by defendant and no question as to it is presented on this appeal.  As regards the sum found as a result of the trial, we find that no issue of fact was presented requiring a trial and, on the issue of law presented, judgment should have been rendered for the defendant.

It appears that in April, 1964 plaintiff loaned Faxfinder Corporation $132,000. Simultaneously with the making of the loan, guarantees were given plaintiff from two separate entities. The first was a guarantee from Cue Ventures, Inc. to the extent of $130,000. The second is the guarantee in suit. This is evidenced by two written documents, both prepared by the plaintiff. The first is a printed guarantee form and guarantees payment of the obligations of Faxfinder " now existing or hereafter incurred * * * not exceeding in the aggregate sum of $32,000.00." The remaining document is a letter given by the plaintiff bank at the same time. The body of this letter reads:

" Reference is made to a certain guaranty in the sum of $32,000.00 which you have today executed and delivered to TRADE BANK AND TRUST COMANY concerning a loan made by TRADE BANK AND TRUST COMPANY to THE FAXFINDER CORPORATION in the sum of $132,000.00.

" It is expressly understood and agreed that we will not seek collection from you until collection is sought from CUE VENTURES, INC."

Subsequently, in July, 1964, without notice to defendant the bank loaned Faxfinder an additional $30,000. Faxfinder defaulted on both loans. Cue Ventures, Inc. paid the sum of its guarantee, $130,000. Defendant has now paid the $2,000 which makes up the deficiency of Faxfinder on the loan of April, 1964. The remaining question is whether or not there is any liability on defendant's part for the loan of July, 1964. This question depends for resolution solely on the interpretation of the two instruments comprising the defendant's guarantee and, as such, is purely a question of law for the court.

It is quite clear that the two documents are inconsistent. The printed form would make the defendant liable for all liabilities of Faxfinder whether then or thereafter incurred and regardless of whether the plaintiff bank pursued the other guarantor or not. The letter limits this liability. It speaks of the guarantee as one concerning a specific loan, namely, the current one of $132,000 to Faxfinder, and further limits liability until collection is sought from Cue Ventures, Inc.

No citation of authority is required for the proposition that these two documents are to be construed together to determine the liability of the defendant. Nor is it open to question that where two documents are to be so construed — one specifically prepared for the transaction in question and the other a general form — the former takes precedence as to all provisions which are repugnant in the two documents (*Poel* v. *Brunswick-Balke-*

*Collender Co.,* 216 N. Y. 310; *Heyn* v. *New York Life Ins. Co.,* 192 N. Y. 1; *Laurino* v. *Hewman,* 10 A D 2d 725).

Even if the letter admitted of some doubt as to whether a guarantee in excess of that provided for was intended, the construction would have to be in favor of the guarantor. This is because an instrument of guarantee must be construed as limited to the transaction involved unless it clearly shows a continuing liability (*Wesselman* v. *Engel Co.,* 309 N. Y. 27; *100 Parkway Road* v. *Johns-Manville, Inc.,* 258 App. Div. 736, affd. 285 N. Y. 747).

Judgment entered June 29, 1971 should be reversed and vacated on the law and judgment entered for defendant dismissing the complaint on the law, with costs.

KUPFERMAN, J. P., MURPHY, MCNALLY and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 29, 1971, unanimously reversed, on the law, and vacated. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal.