Arnold L. Fein, J.
Defendants Itkin Bros., Inc., Magnus Management Corp., and Abensam Realty Corp. (collectively referred to as Itkins) move for summary judgment pursuant to CPLR 3212 to dismiss on the ground that the action lacks merit. In the unsigned affirmation in opposition, plaintiffs (Sterns) request summary judgment striking the Itkins’ answer.
Plaintiffs are two of the assignees of a portion of a mortgage note executed and delivered by Itkins simultaneously with a purchase money second mortgage on April 28, 1970, in the principal amount of $1,120,000 due on May 1, 1980, in connection with the purchase of a parcel of realty by Itkins from 290 Madison Corp. (Madison) and Ornstein Enterprises, Inc. On the date of the execution and delivery of the mortgage and mortgage note, Madison assigned an $840,000 interest in the mortgage and mortgage note to its stockholders, including plaintiffs Stern and others (Ornstein assignees). The Sterns own a 12.6% interest in the note and mortgage. The note and mortgage are in standard form for real estate notes and mortgages, containing an acceleration clause making the full amount due upon default in payment of any instalment or upon breach of certain other terms and conditions.
The note provided, in pertinent part, "all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument”. A rider to the mortgage provides, in pertinent part: "On default hereunder, no defl *540 ciency judgment shall be sought, rendered or entered against the mortgagor and mortgagees will look only to the mortgaged premises.”
On the same date as the commencement of this action, June 2, 1975, the Ornstein assignees instituted a foreclosure action in this court against the mortgaged property. The Sterns, plaintiffs in this action, were joined as parties defendant in the foreclosure action because of their refusal to join as plaintiffs in that action. In this action the Ornstein assignees are named as parties defendant ostensibly for the same reason. No facts are set forth showing, the priority of the two actions, nor has judgment been rendered in either action.
Defendants urge that the provision in the note, incorporating the terms of the mortgage, and the provision in the mortgage, precluding a deficiency judgment, should be read in pari materia, and when so read bar this action on the note by the Stern plaintiffs because recourse may be had only to the mortgaged premises. Defendants also assert that since the Ornstein assignees had on the same date of initiation of this action commenced a foreclosure action, the instant action cannot be brought except by leave of court which has not been given or sought. (Real Property Actions and Proceedings Law, § 1301, subds. 1, 3)
Although this action, instituted by the Sterns, is an action on the mortgage0 note, not a foreclosure action on the mortgage, the court must look at the terms of the mortgage incorporated in the mortgage note. This is required, albeit the note represents a debtor-creditor relationship and the mortgage is merely security for the debt, not implying a covenant to pay the debt. (Real Property Law, § 249.) Where two documents involving the same transaction are simultaneously executed, they must be read and construed together. (Trade Bank & Trust Co. v Goldberg, 38 AD2d 405; Matter of Denizcilik Bankasi Turk Anonim Ortakligi [Transatlantic Financing Corp.] 13 Misc 2d 624.) Reading the note and the mortgage together, it is patent that the mortgagees committed themselves to look only to the mortgaged property to recover the debt. Permitting a recovery on the note alone might abort this agreed upon limitation. Plaintiffs are assignees, not holders in due course (Felin Assoc. v Rogers, 38 AD2d 6; Uniform Commercial Code, § 3-105, subd [2], par [b]; § 3-119, subd [1]), and are thus subject to the limitation in the mortgage.
Plaintiffs are also barred by subdivision 3 of section 1301 of *541 the Real Property Actions and Proceedings Law: "While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.”
It is conceded that there are now pending this action on the note to recover a portion of the mortgage debt and the Ornstein action to foreclose the mortgage, both commenced on the same day. Although it does not appear in which action process was first served, it is apparent that to permit both to proceed would subvert the precise purpose of the statute to preclude the maintenance of both such actions at the same time. (Kamerman v C.D.C. Furniture Mfg. Corp., 5 Misc 2d 27.)
It has been repeatedly held that although the owner and holder of a bond or note or mortgage has two remedies in enforcement; (1) to recover a judgment for the debt, or (2) to foreclose the mortgage securing the debt, both remedies may not be pursued at the same time. (First Nat. Bank & Trust Co. of Walton v Eisenrod, 263 App Div 227; White v Wielandt, 259 App Div 676, amd on other grounds 260 App Div 871, affd 286 NY 609; President and Directors of Manhattan Co. v Callister Bros., 256 App Div 1097; White Factors v Friedman, 32 Misc 2d 978.)
Plaintiffs’ reliance on D’Agostino v Wheel Inn (65 Misc 2d 227) is misplaced. The court’s denial of defendant’s motion to dismiss a foreclosure action in that case was founded upon the court’s determination that section 1301 of the Real Property Actions and Proceedings Law does not authorize such dismissal in a foreclosure action on the ground of a prior pending action to recover the mortgage debt. That case is distinguishable because the action sought to be dismissed was the action to foreclose not the action on the debt. Moreover, plaintiff there moved to discontinue the prior action to recover the mortgage debt. Subdivision 3 of section 1301, of the Real Property Actions and Proceedings Law provides no action to recover a portion of the mortgage debt may be "commenced or maintained” while the foreclosure action is "pending”, without leave of court. It does not authorize a bar to the foreclosure action, except where the action to recover the mortgage debt has gone to final judgment, returned unsatisfied (Real Property Actions and Proceedings Law, § 1301, subd 1). Here, the action to which the motion is addressed is an action being *542 "maintained” to recover the mortgage debt while the foreclosure action is "pending”,
No leave to bring this action has been sought or obtained, and there is no warrant for such leave.
It is immaterial that the Sterns, plaintiffs in this action, and the Ornsteins, defendants in this action and plaintiffs in the foreclosure action, are obviously different persons. Together they own and hold both the mortgage and the note. This does not entitle the Stern plaintiffs to avoid either the limitation contained in the mortgage or the bar set forth in the statute. Nor is it of any significance that in the absence of the statute or the limitation in the instruments, the holder of a bond and mortgage may proceed, at his option, either at law to recover on the bond or in equity to foreclose the mortgage (General Inv. Co. v Interborough R.T. Co., 200 App Div 794, affd 235 NY 133; First Nat. Bank and Trust Co. of Walton v Eisenrod, 263 App Div 227, supra).
Accordingly, defendants’ motion to dismiss is granted and plaintiffs’ "cross-motion” is denied.