Steven Roy SMITH, Appellant,

v.

Helen P. SHORTALL, Appellee.

No. S–1343.

Supreme Court of Alaska.

Feb. 13, 1987.

Millard F. Ingraham, Anchorage, for appellant.

Laurel J. Peterson, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

Steven Smith and Helen Shortall were divorced on April 28, 1983. The divorce decree required Smith to execute a promissory note for $125,000 in Shortall's favor. The note was secured by a deed of trust on a warehouse apartment complex Smith owned. The note called for an initial payment of $10,000 followed by annual installments of $20,000, and contained an acceleration clause. In addition, the divorce decree required Smith to pay Shortall 50% of the net proceeds of an admiralty lawsuit then pending in the U.S. District Court, *Smith v. The ARCTURIS*.

Smith paid the initial $10,000 due under the promissory note but defaulted on the first $20,000 installment. Shortall accelerated the note. Pursuant to AS 34.20.070, the trustee elected to sell the warehouse apartment complex to satisfy her claim. At the trustee's sale, Shortall bid $139,986.11, the total amount Smith owed her under the promissory note. After acquiring title to the property, she learned that its appraised value, less encumbrances and the cost of repairs, was approximately $12,000.

Meanwhile, the *ARCTURIS* case settled. Smith received $43,000, which he deposited into a trust account established by his attorney for the purpose of receiving and disbursing the proceeds of the settlement. Before any disbursements were made, the Internal Revenue Service levied on the account for a tax liability of $22,884.42 owed jointly by Smith and Shortall. Smith's attorney paid the IRS claim from the trust account. The attorney also paid approximately $7,000 in attorney's fees for the *ARCTURIS* lawsuit, and $4,300 for a related claim that had been assigned to Smith by an *ARCTURIS* co-plaintiff for collection. The attorney divided the balance of the settlement proceeds equally between Smith and Shortall. Shortall received $4,379.80.

Shortall moved for an order reducing to judgment the balance owed under the promissory note and compelling payment

thereof. In addition, she moved for an order to show cause why Smith should not be held in contempt for his handling of the *ARCTURIS* settlement proceeds. The superior court granted both motions, and subsequently entered final judgment awarding Shortall $115,000 as principal due under the promissory note; $13,706.71 for *ARCTURIS* proceeds; and interest, costs, and attorney's fees incurred in reducing to judgment the amount due under the promissory note. We reverse.

### A. The Promissory Note

■ The divorce decree obligated Smith to pay Shortall $125,000. The obligation was evidenced by a promissory note and secured by a deed of trust. When Smith defaulted on the obligation, Shortall had several options. She could have waived the security of the deed of trust and sued on the note. Or, she could have brought an action to judicially foreclose the deed of trust, retaining the right to recover a deficiency judgment. AS 09.45.170; *Suber v. Alaska State Bond Committee*, 414 P.2d 546, 555 (Alaska 1966). Instead, Shortall elected the remedy of non-judicial foreclosure. By electing this remedy, Shortall lost her right to recover a deficiency judgment against Smith.

■ Alaska's anti-deficiency judgment statute, AS 34.20.100, provides that

[w]hen a sale is made by a trustee under a deed of trust, as authorized by AS 34.20.070–34.20.130, no other or further action or proceeding may be taken nor judgment entered against the maker or the surety or guarantor of the maker, on the obligation secured by the deed of trust for a deficiency.

Shortall's motion to compel payment and reduce to judgment is precisely the type of "further action or proceeding" precluded by AS 34.20.100. *Hull v. Alaska Federal Sav. & Loan Ass'n*, 658 P.2d 122, 125 (Alaska 1983).

The effect of the trustee's sale was to discharge all of Smith's obligations under the note. Therefore, the superior court

erred in granting judgment for Shortall. We reverse the judgment and vacate the award of interest, attorney's fees, and costs incurred in reducing the note to judgment.

### B. *The ARCTURIS Proceeds*

The divorce decree· entitled Shortall to "50 percent of the net proceeds, that is, less costs and attorney's fees, if any," derived from the ARCTURIS lawsuit. The superior court calculated Shortall's share as 50 percent of the principal settlement ($43,000) less attorney's fees ($6,824.98). Smith argues that, before dividing the settlement proceeds, the court should have offset the claim assigned to Smith for collection ($4,300) and IRS levy ($22,884.42).[1] We agree.

The $4,300 represented proceeds Smith collected in trust for an ARCTURIS co-plaintiff. The money belonged to neither Smith nor Shortall, and was not part of the net proceeds of the suit.

Spouses who file a joint income tax return are jointly and severally liable for the full tax liability. *United States v. Tietje*, 231 F.Supp. 738, 740 (E.D.Ill.1964). By declining to offset the tax liability from the settlement proceeds, the superior court placed the full burden of the liability on Smith alone. Absent evidence of equitable reasons for such a result, this was error.

REVERSED.

---

1. Smith also argues that the attorney's fees offset should have included the value of paralegal services. Paralegal services, if recoverable at all, are recoverable as costs under Alaska R.Civ.P. 79(b). *Atlantic Richfield Co. v. State*, 723 P.2d 1249, 1253 (Alaska 1986). Whether paralegal services will be recognized as costs in a specific case is left to the discretion of the trial judge. There is no evidence here that the judge abused this discretion.