**BGL DEVELOPMENT, INC., d/b/a The Bristol Group, Plaintiff,**

v.

**XPEDITE SYSTEMS, INC., Defendant.**

**No. 00 CIV. 8395(MGC).**

United States District Court, S.D. New York.

Jan. 28, 2002.

Miller & Wrubel P.C., by Martin D. Edel, Dana B. Zimmerman, New York City, for Plaintiff.

Alston & Bird LLP, by John A. Jordak, Jr., Jessica L. Perry, Atlanta, GA, for Defendant.

## OPINION AND ORDER

CEDARBAUM, District Judge.

BGL Development, Inc. ("BGL") sues Xpedite Systems, Inc. ("Xpedite") for breach of contract, claiming that Xpedite failed to pay commissions that BGL was entitled to receive. Plaintiff contends that a letter, signed by defendant and sent to plaintiff with an "Agency Marketing Agreement" ("Agreement"), modified plaintiff's obligations under the Agreement. Defendant now moves for summary judgment on the grounds that the letter did not modify the Agreement and that plaintiff has failed to fulfill its obligations under the Agreement.

 "Under New York law a written contract may be formed from more than one writing. Relevant writings creating a contract may consist of letters bearing the signature of only one party or even memoranda unsigned by either party." *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572–73 (2d Cir.1993) (citations omitted). The contents of the letter and the Agreement show that the two documents were intended to be read together. The letter was part of the same transaction as the Agreement, was signed on the same date as the Agreement by the person who signed the Agreement, and sent to plaintiff with the Agreement. The letter expressly refers to the Agreement ("Per our agreement") and refers to the same transaction as the Agreement. When the intention of the parties may be gathered from the "four corners of the instrument," interpretation of the contract is a question of law for the court. *See Rudman v. Cowles Comm.*, 30 N.Y.2d 1, 13, 280 N.E.2d 867, 330 N.Y.S.2d 33 (1972); *Pharmaceutical Soc. of New York, Inc. v. Cuomo*, 856 F.2d 497, 501 (2d Cir.1988). The intention of the parties, as manifested by the contents of the letter, was for the two documents to be read together.

The letter states that "we pay commission to you for Xpedite accounts that send traffic because of your direct action." Defendant argues that the terms of the Agreement and the letter are inconsistent, because the Agreement allows Dealer to receive commissions only "for orders for [Xpedite] products and services it forwards to Xpedite...." When, as in this case, resolution of a contract claim turns on the interpretation of both a standard form agreement and a document drafted specifically for the transaction in question, the latter controls as to any inconsistent provisions in the two documents. *See Trade Bank & Trust Co. v. Goldberg*, 330 N.Y.S.2d 69, 71, 38 A.D.2d 405 (1st Dept. 1972). *See also Aramony v. United Way of America*, 254 F.3d 403 (2d Cir.2001) (citations omitted) (noting that "specific terms and exact language are given greater weight than general language"). Therefore, even if the general terms of the Agreement could be read to impose obligations on plaintiff beyond the one contained in the letter, the letter controls.

Plaintiff has raised a genuine issue of material fact as to whether Morgan Stanley's Central Engineering Group sent traffic through Xpedite because of BGL's direct action. Therefore, summary judgment is denied.

SO ORDERED.